UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT W. OUWELEEN,

Plaintiff,

v. Case No. 8:26-cv-00279-MSS-AEP

CLERK CREDIT SYSTEMS, LLC

Defendant.

_____________________________________/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's Motion for Attorney's Fees and Costs (Doc. 15). By the Motion, Plaintiff seeks an award of $2,050.00 in attorney fees and $535.00 in costs (Doc. 15, at 10). The Court referred the Motion to the undersigned for a Report and Recommendation. For the following reasons, the undersigned recommends that Plaintiff's Motion (Doc. 15) be granted in the amount of $1,925.00 in attorney fees and $470.00 in costs.

## I. Background

On January 30, 2026, Plaintiff sued Defendant, alleging that Defendant violated the Credit Repair Organizations Act ("CROA") and the Florida Credit Services Organizations Act ("FCSOA") (Doc. 1). When Defendant failed to answer or respond to the Complaint, Plaintiff moved for Defendant's default (Docs. 9). The Clerk then entered the default (Doc. 11). Plaintiff then moved for default judgment (Doc. 12). The Court granted the motion, finding that Plaintiff is entitled to $378 in

damages and directing Plaintiff to file a separate motion for attorney fees (Doc. 13). Plaintiff now moves for an order finding that Plaintiff is entitled to attorney fees and costs under CROA and the FCSOA, and that the requested fees and costs are reasonable (Doc. 15).[1]

## II. Discussion

### A. Entitlement to Attorney Fees and Costs

Plaintiff argues he is entitled to attorney fees under CROA and FCSOA. CROA provides for "the costs of the action, together with reasonable attorneys' fees" in a successful action to enforce liability. 15 U.S.C. § 1679g(a)(3). Similarly, FCSOA provides for "reasonable attorney's fees and costs" in a successful action. Fla. Stat. § 817.706(1). Here, Plaintiff is the prevailing party because the Court granted Plaintiff's motion for default judgment against Defendant (Doc. 13). Thus, Plaintiff is entitled to attorney fees and costs under CROA and FCSOA.

### B. Amount of Attorney Fees and Costs

In determining a reasonable attorney fee, federal courts generally apply the "lodestar" method, which is calculated by multiplying counsel's reasonable hourly rate by the number of hours counsel reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The movant bears the burden of demonstrating that counsel's

---

[1] Under Local Rule 7.01(a), the Court prescribes a bifurcated procedure through which a party claiming post-judgment attorney fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount. Plaintiff's Motion does not follow the Local Rules. However, in the interests of judicial efficiency and given that Defendant is in default, the undersigned has addressed the merits of Plaintiff's requested fees and costs and respectfully recommends that the Court forgo the procedural mechanism set forth in Rule 7.01 and rule on this issue without additional motion practice.

requested hourly rate and the number of hours its counsel expended are reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The undersigned will address the reasonableness of the hourly rates, the number of hours expended, and the additional costs that Plaintiff seeks in this case.

**i. Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. However, the Court is "itself an expert on the question [of attorney fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (internal quotation marks omitted).

In this case, Plaintiff seeks hourly rates of $375.00 for attorney work and $125.00 per hour for paralegal and legal-related clerical work (Doc. 15, at 6). In support of the $375 hourly rate, Plaintiff references the National Consumer Law Center's 2017–2018 survey of consumer law rates (Doc. 15, at 6). In similar cases involving experienced consumer law litigation attorneys, the undersigned has recommended that $350.00 per hour is a reasonable hourly rate. *See Golembiewski v. Waters Pointe Apartments, LLC*, No. 8:23-CV-00081-KKM-AEP, 2023 WL 4931218, at *6–7 (M.D. Fla. June 27, 2023) (finding that $350 was a reasonable hourly rate for an attorney with extensive training in consumer law after the attorney sought $375 per hour). Further, Courts routinely approve rates of $125.00 per hour for

paralegal and clerical work. *See, e.g.*, *Venture Inv. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2017 U.S. Dist. LEXIS 140897, at *27 (M.D. Fla. Aug. 8, 2017) (finding $125 per hour to be reasonable for paralegal work); *SEC v. Davison*, No. 8:20-cv-325-MSS-AEP, 2021 U.S. Dist. LEXIS 184826, at *30–31 (M.D. Fla. Sept. 27, 2021) (collecting cases noting paralegal rate of $125 was reasonable). Having considered other cases contemplating reasonable fees for consumer law matters and paralegal work, along with the Court's knowledge of market rates in the area, the undersigned finds that $350 per hour for attorney work and $125 per hour for paralegal and clerical work are reasonable hourly rates.

**ii. Reasonable Number of Hours Expended**

Hours are "reasonably expended" when the attorneys involved exercise "billing judgment" by, inter alia, efficiently staffing matters and "writing off unproductive, excessive, or redundant hours." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Plaintiff asserts that 5 hours were reasonably expended on this matter by attorneys and 1.4 hours by paralegals and clerks (Doc. 12-2, at 1). Plaintiff used the lodestar method to calculate total fees by multiplying the hourly rates by the hours expended (Doc. 12-2, at 1). Plaintiff provided detailed breakdowns of total hours expended and billed by the attorney, paralegal, and clerk (Doc. 12-2, at 1). These include task descriptions to justify rate adjustments based upon complexity (Doc. 12-2, at 1). Having considered the time entries and descriptions of work performed, the undersigned finds that the hours expended are reasonable. Combining the hourly rates recommended above with the

number of hours reasonably expended, the undersigned recommends an award of $1,925.00 in attorney fees ($350 multiplied by 5 attorney hours and $125 multiplied by 1.4 paralegal and clerical hours).

**iii. Costs**

Finally, Plaintiff seeks $535.00 in costs, including $405.00 for the filing fee and $130.00 for the cost of serving Defendant with process. Pursuant to 28 U.S.C. § 1920, the filing fee is taxable as a fee of the clerk. Additionally, "[f]ees for private process servers may be taxed under section 1920(1) so long as they do not exceed the fees authorized by section 1921." *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). The U.S. Marshals Service may collect $65.00 per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114. Accordingly, the undersigned recommends that Plaintiff recover $65.00 for service of process and $405.00 for the filing fee for a total costs award of $470.00.

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion for Attorney's Fees and Costs (Doc. 15) be GRANTED.

2. Plaintiff be awarded $1,925.00 in attorney fees.

3. Plaintiff be awarded $470.00 in costs.

IT IS SO REPORTED in Tampa, Florida, this 23rd day of July 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Mary S. Scriven
Counsel of Record